UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Andre Matrel Rogers, | ) | Crim. No.:    4:17-cr-00470-RBH-1 |
| | ) | Civ. No.:     4:19-cv-01094-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner Andre Matrel Rogers' pro se motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 124. The Government has

filed a Motion to Dismiss/Motion for Summary Judgment. *See* ECF No. 138. The Court denies

Petitioner's motion and grants the Government's motion for the reasons herein.[1]

### Background

In May 2017, a federal grand jury indicted Petitioner on one count of conspiracy to distribute

and to possess with intent to distribute quantities of cocaine, crack cocaine, and marijuana, in violation

of 21 U.S.C. § 846, and three counts of possession with intent to distribute and distribution of a quantity

of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *See* ECF No. 2. Petitioner was

initially represented by Assistant Federal Public Defender William F. Nettles IV, but due to a conflict,

---

[1]      An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (discussing § 2255(b)). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

Mr. Nettles was relieved and attorney Maria Elias-Williams was appointed to represent Petitioner. *See* ECF Nos. 18, 62, & 64. In November 2017, the Government filed an information pursuant to 21 U.S.C. § 851(a), seeking to enhance Petitioner's sentence and citing his two prior felony drug offenses. *See* ECF No. 70.

In January 2018, Petitioner (still represented by Attorney Elias-Williams) pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute and distribution of a quantity of crack cocaine.[2] *See* ECF Nos. 79, 80, & 81. Petitioner's presentence report ("PSR") classified him as a career offender based on his (1) 2002 Arkansas conviction for criminal attempt delivery of a controlled substance and (2) 2009 South Carolina conviction for possession with intent to distribute/distribution/manufacturing cocaine base or methamphetamine, first offense. *See* PSR at ¶¶ 62, 65, 73, 93. His resulting advisory Sentencing Guidelines range was 188 to 235 months' imprisonment.

In April 2018, the Court varied slightly downward—based on a motion filed by Attorney Elias-Williams—and sentenced Petitioner to 170 months' imprisonment followed by six years' supervised release. *See* ECF Nos. 97, 101, & 107. Judgment was entered on May 2, 2018. *See* ECF No. 107. Petitioner did not file a direct appeal.

On April 12, 2019,[3] Petitioner filed the instant § 2255 motion. *See* ECF No. 124. Thereafter, Attorney Elias-Williams filed an affidavit addressing her representation of Petitioner. *See* ECF No. 136. The Government filed a Motion to Dismiss/Motion for Summary Judgment and a supporting memorandum. *See* ECF Nos. 138 & 139. Petitioner filed a response in opposition to the Government's

---

[2]     The Government agreed to dismiss the other counts at sentencing. ECF No. 80 at ¶ 3.

[3]     Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

motion.  *See* ECF No. 146.

## Legal Standard

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence.  For a court to vacate, set aside, or correct a sentence, a petitioner must prove one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).  "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment."  *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that

3

an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

<u>Discussion</u>

Petitioner's § 2255 motion presents three grounds, which the Court will address in turn.

**I.     Grounds One & Two—Ineffective Assistance of Counsel**

Petitioner's first two grounds allege ineffective assistance of counsel. These claims must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Petitioner's ineffective assistance claims relate to his sentence. "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because any amount of additional jail time has Sixth Amendment significance." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (internal quotation marks and brackets omitted). Thus, "counsel may be constitutionally required to object when there is relevant authority strongly suggesting that a sentencing enhancement is not proper." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017). To prove prejudice in the sentencing context, a petitioner must

4

demonstrate "a reasonable probability that the outcome of [the] sentencing would change." *Id.* at 470 (internal quotation marks omitted).

### A. Ground One

Petitioner alleges Attorney Elias-Williams was ineffective for failing to object to his classification as a career offender.[4] *See* ECF No. 146 at pp. 11–21; ECF No. 146-5 at pp. 2–3. Specifically, Petitioner contends Attorney Elias-Williams should have argued that his 2002 Arkansas conviction for criminal attempt delivery of a controlled substance—under Ark. Code Ann. § 5–64–401(a)[5]—did not qualify as a "controlled substance offense"[6] for career offender purposes

---

[4]    This was not the original claim raised in Ground One of Petitioner's § 2255 motion, in which he alleges: "Attorney provided ineffective assistance of counsel for rendering bad legal advice / misadvice, before signing plea, that Mr. Rogers would not classify as a career offender." ECF No. 124 at p. 4. Petitioner (who claims he was referring to Attorney *Nettles* in Ground One of his § 2255 motion) ***effectively amended*** Ground One by way of his response in opposition to the Government's motion and substituted the claim summarized above (the one involving Attorney *Elias-Williams*). *See* ECF No. 146 at pp. 11–21; ECF No. 146-5 at pp. 2–3. This amendment/substituted claim—made after expiration of the statute of limitations, *see* 28 U.S.C. § 2255(f)—relates back to Petitioner's original Ground One, and therefore the Court will address it on the merits. *See generally Mayle v. Felix*, 545 U.S. 644 (2005) (discussing amendment of habeas petitions); *United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000) (same).

Separately, the Court notes Petitioner's original Ground One fails on the merits because: (1) Attorney Nettles was not Petitioner's attorney at the time he signed the plea agreement or entered his guilty plea (instead, Attorney Elias-Williams was); (2) Petitioner concedes Attorney Elias-Williams told him that he qualified as a career offender before he signed the plea agreement and before he pled guilty; and (3) the Court informed Petitioner during the Rule 11 colloquy that he was subject to a maximum sentence of thirty-years' imprisonment (based on the § 851 enhancement), and Petitioner testified he understood this penalty. *See United States v. Woodson*, 422 F. App'x 295, 296–97 (4th Cir. 2011) (recognizing a petitioner cannot show *Strickland* prejudice if the court correctly advises him of his sentencing exposure (citing *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992))).

[5]    This statute was in effect at the time of Petitioner's 2002 conviction and made it "unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance." Ark. Code Ann. § 5–64–401(a) (Supp. 2001). The statute was repealed in 2011. *State v. O'Quinn*, 427 S.W.3d 668, 670 n.2 (Ark. 2013) (citing Act 570 of 2011, § 33).

[6]    A defendant is a "career offender" under the Guidelines if, *inter alia*, he has two prior felony convictions for "a controlled substance offense." *See* USSG § 4B1.1(a). The Guidelines define "a controlled substance offense" as any offense, punishable by more than one year in prison, under federal or state law "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). Controlled substance offenses also include "aiding and abetting, conspiring, and *attempting* to commit such offenses." *Id.* § 4B1.2 cmt. n.1 (emphasis added).

because **(1)** the Guidelines' definition of "controlled substance offense" excludes attempt crimes and **(2)** he did not serve any prison time as a result of the 2002 Arkansas conviction. *See* ECF No. 146 at pp. 14–21; ECF No. 146-5 at p. 3.

The Court concludes Petitioner has not demonstrated deficient performance or prejudice. At the time of Petitioner's 2018 sentencing, Fourth Circuit precedent established that "[a] controlled substance offense also includes the offenses of 'aiding and abetting, conspiring, and *attempting* to commit such offenses.'"[7] *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. **2017**) (quoting USSG § 4B1.2 cmt. n.1); *see United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019) ("A lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent."). Moreover, "[t]he qualification of a prior conviction as a sentencing predicate does not depend on the sentence a defendant actually received but on the maximum sentence permitted for his offense of conviction."[8] *United States v. Bercian-Flores*, 786 F.3d 309, 316 (4th Cir. 2015) (internal

---

[7]     In support of his attempt argument, Petitioner relies on *United States v. Havis*, 927 F.3d 382, 384, 387 (6th Cir. 2019) (en banc) (holding "[t]he Guidelines' definition of 'controlled substance offense' does not include attempt crimes" because "the Sentencing Commission has no power to add attempt crimes to the list of offenses in § 4B1.2(b) through commentary"). *Havis* is a 2019 case that was not available to Attorney Elias-Williams at Petitioner's 2018 sentencing, and *Havis* is contrary to Fourth Circuit precedent such as *Dozier*, *infra*. *See also United States v. Norman*, 935 F.3d 232, 237 (4th Cir. 2019) (relying on Guidelines commentary that states a "controlled substance offense" includes "'attempting to commit such offenses'" (quoting USSG § 4B1.2 cmt. n.1)).

[8]     Petitioner received five years' probation for the 2002 Arkansas conviction. *See* PSR at ¶ 62; ECF No. 146-4 (sentencing sheet). However, the maximum sentence permitted—under former Ark. Code Ann. § 5–64–401(a)(4)(C)—was thirty years' imprisonment, as reflected by the sentencing sheet he provided with his response in opposition. *See* ECF No. 146-4 (showing Petitioner was convicted of a Class A Felony punishable by a minimum sentence of six years' imprisonment and a maximum sentence of thirty years' imprisonment); *see also* PSR at ¶ 62 (quoting Petitioner's Arkansas indictment). *See, e.g.*, *Johnson v. United States*, 2013 WL 6633953, at *4 (S.D.W. Va. Dec. 17, 2013) ("Petitioner cannot legitimately contend that his Arkansas conviction [under Ark. Code Ann. § 5–64–401(a)] was not punishable by a prison term exceeding one year. At issue is the term of imprisonment that Petitioner potentially faced as a result of his Arkansas plea, not the amount of time he actually served." (internal footnote omitted)), *appeal dismissed*, 575 F. App'x 102 (4th Cir. 2014); *see generally United States v. Meux*, 918 F.3d 589, 591 (8th Cir. 2019) (holding that Ark. Code Ann. § 5–64–401(a) is divisible and subject to the modified categorical approach, that review of documents permitted by *Shepard v. United States*, 544 U.S. 13 (2005), is warranted, and that "delivering a controlled substance" under § 5–6–401(a) qualifies as a serious drug offense under the Armed Career Criminal Act); *Flores-Larrazola v. Lynch*, 854 F.3d 732, 732 & n.1 (5th Cir. 2017) ((holding Ark. Code Ann. § 5–64–401(a) is divisible); *Flores-Larrazola v. Lynch*, 840 F.3d 234, 237 (5th Cir.

quotation marks and brackets omitted). Attorney Elias-Williams was not deficient for making such arguments, and Petitioner has not demonstrated a reasonable probability that the outcome of sentencing would have been different had counsel pursued them. *See, e.g.*, *United States v. Smith*, 497 F. App'x 269, 274 (4th Cir. 2012) ("Smith cannot show that, but for counsel's failure to object, there is a 'reasonable probability' that he would have received a shorter sentence."). The Court will deny relief as to Ground One.[9]

### B.      Ground Two

Petitioner alleges Attorney Elias-Williams was ineffective for failing to object and argue that the correct statutory penalty was 21 U.S.C. § 841(b)(1)**(D)**, *not* 21 U.S.C. § 841(b)(1)**(C)**. *See* ECF No. 124 at p. 5. This claim is meritless. Petitioner pled guilty to the offense of possession with intent to distribute and distribution of a quantity of *crack cocaine*; the punishment for this offense is found at 21 U.S.C. § 841(b)(1)**(C)**. Subsection **(D)** deals with punishment for offenses involving marijuana, hashish, and hashish oil—*not* crack cocaine—and is inapplicable to Petitioner's offense. He cannot demonstrate deficient performance or prejudice, and the Court will deny relief as to this claim.

## II.      Ground Three—Factual Basis for Guilty Plea

Petitioner alleges his due process rights were violated because the Court accepted an insufficient factual basis for his guilty plea. *See* ECF No. 124 at p. 7. As the Government correctly argues, this claim is procedurally defaulted because Petitioner could have raised this issue on direct appeal but failed

---

2016). (same).

[9]      Petitioner requests an evidentiary hearing on Ground One, *see* ECF No. 146 at pp. 22–26, but one is not warranted in light of the above analysis. *See, e.g.*, *Morris*, 917 F.3d at 826 ("[B]ecause Morris's ineffective assistance claim may be disposed of solely on the basis of [a] legal judgment, we reject Morris's argument that the district court abused its discretion by failing to hold an evidentiary hearing." (citing 28 U.S.C. § 2255(b))).

to do so;[10] and he has not established either actual innocence or cause and prejudice to excuse the default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (setting forth standard for procedural default). Moreover, Petitioner's allegation is "palpably incredible and patently frivolous or false" in light of his testimony during the guilty plea hearing where he agreed with the Government's summary of the facts and admitted he was in fact guilty of the offense.[11] *See United States v. Lemaster*, 403 F.3d 216, 220–22 (4th Cir. 2005) (holding a district court should summarily dismiss any § 2255 allegations that contradict sworn statements made during a Rule 11 colloquy). The Court will deny relief on this claim.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a

---

[10]     *United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008) (recognizing a defendant may challenge on direct appeal a district court's failure to develop factual basis on record).

[11]     *See* ECF No. 134 at p. 60 (plea transcript).

8

constitutional right."

**Conclusion**

The Court **GRANTS** the Government's Motion to Dismiss/Motion for Summary Judgment [ECF No. 138] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 124]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina
November 21, 2019

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge